JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Meineke Car Centers, LLC

**DEFENDANTS**
James F. Juliano, Sr., JNMVR Enterprises, Inc., Nicholas Juliano, James Juliano, Jr. and My Family Car Care, LLC

**(b)** County of Residence of First Listed Plaintiff   Mecklenburg County, NC
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Gloucester County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Constantine T. Fournaris, Esq., Wiggin and Dana LLP, 50 S. 16th Street, Two Liberty Place, Suite 2925, Philadelphia, PA 19102; 215 988 8311

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff
*(For Diversity Cases Only)*                                  and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | Slander / Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | ☐ 330 Federal Employers' / Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability / Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine / ☐ 368 Asbestos Personal | | | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 345 Marine Product / Injury Product | | ☒ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | Liability / Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 355 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal / ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury / Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - / ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice / Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331 and 1332; 15 U.S.C. § 1116 and 1117
Brief description of cause:
Enforcement of Franchise Agreement; Trademark Infringement and Unfair Competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Injunctive Relief and Monetary Damages

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  12/4/17

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | | |
|---|---|---|
| **MEINEKE CAR CARE CENTERS, LLC** | : | |
| **a Delaware limited liability company** | : | |
| **440 South Church Street, Suite 700** | : | |
| **Charlotte, North Carolina 28202** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | |
| | : | |
| **JAMES F. JULIANO, SR.** | : | |
| **24 Bennett Court** | : | |
| **Swedesboro, New Jersey 08085** | : | |
| | : | |
| **JNMVR ENTERPRISES, INC.** | : | |
| **24 Bennett Court** | : | |
| **Swedesboro, New Jersey 08085** | : | |
| | : | |
| **NICHOLAS JULIANO** | : | |
| **54 Haddonfield Road** | : | |
| **Cherry Hill, New Jersey 08002** | : | |
| | : | |
| **JAMES JULIANO, JR.** | : | |
| **54 Haddonfield Road** | : | |
| **Cherry Hill, New Jersey 08002** | : | |
| | : | |
| **MY FAMILY CAR CARE, LLC** | : | |
| **54 Haddonfield Road** | : | |
| **Cherry Hill, New Jersey 08002** | : | |
| | : | |
| **Defendants.** | : | |

## VERIFIED COMPLAINT

Plaintiff Meineke Car Care Centers, LLC, hereby alleges as follows:

### THE PARTIES

1.    Plaintiff Meineke Car Care Centers, LLC ("Meineke"), successor-in-interest to

Meineke Car Care Centers, Inc., is a limited liability company organized and existing under the

laws of the State of North Carolina, with its principal place of business located at 440 S. Church

1

Street, Suite 700, Charlotte, North Carolina.  Meineke has one member, Driven Systems LLC.

Driven Systems LLC is a Delaware limited liability company with its principal place of business

in Charlotte, North Carolina.  Driven Systems LLC has one member, Driven Brands Funding

LLC.  Driven Brands Funding LLC is a limited-purpose, limited liability company organized

under the laws of Delaware with its principal place of business in Charlotte, North Carolina.

Driven Brands Funding LLC has one member, Driven Funding HoldCo LLC.  Driven Funding

HoldCo LLC is a special-purpose, limited liability company organized under the laws of

Delaware with its principal place of business in Charlotte, North Carolina.  Driven Funding

HoldCo LLC has one member, Driven Brands Inc.  Driven Brands Inc. is a Delaware corporation

with a principal place of business in Charlotte, North Carolina.  Driven Funding HoldCo LLC is

a direct, wholly-owned subsidiary of Driven Brands Inc.  All other entities set forth in this

paragraph are indirect, wholly-owned subsidiaries of Driven Brands Inc.

2.      Upon information and belief, Defendant James F. Juliano, Sr. is a citizen and

resident of the State of New Jersey, with a home address of 24 Bennett Court, Swedesboro, New

Jersey 08085.

3.      Upon information and belief, Defendant JNMVR Enterprises, Inc. ("JNMVR") is

a corporation organized and existing under the laws of the State of New Jersey, with its principal

place of business at 24 Bennett Court, Swedesboro, New Jersey 08085.  Upon information and

belief, defendant James Juliano owns and operates JNMVR.  (James Juliano and JNMVR are

collectively referred to as "the JNMVR Defendants.")

4.      Upon information and belief, Defendant Nicholas Juliano is a citizen and resident

of the State of New Jersey, with a primary business address of 54 Haddonfield Road, Cherry

Hill, New Jersey 08002. Upon information and belief, Defendant Nicholas Juliano formerly worked as a manager of the JNMVR Defendants' Meineke Center.

5.     Upon information and belief, Defendant James Juliano, Jr. is a citizen and resident of the State of New Jersey, with a primary business address of 54 Haddonfield Road, Cherry Hill, New Jersey 08002. Upon information and belief, Defendant James Juliano, Jr. is a former Meineke franchisee who received training by Meineke in his capacity as a franchisee, and formerly worked as a manager of the JNMVR Defendants' Meineke Center.

6.     Upon information and belief, My Family Car Care, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 54 Haddonfield Rd., Cherry Hill, New Jersey 08002. Upon information and belief, Defendants Nicholas Juliano and James Juliano, Jr. own, operate and are the only two members of My Family Car Care, LLC. Nicholas Juliano, James, Juliano, Jr. and My Family Car Care, LLC are collectively referred to as the "MFCC Defendants".

<u>JURISDICTION AND VENUE</u>

7.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338 and 1367(a). As it relates to jurisdiction pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship by and among Meineke and all of its members, on the one hand, and all Defendants, on the other hand, and the amount in controversy exceeds the requisite sum or value of $75,000.00, exclusive of interest and costs.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all of the defendants are residents of New Jersey and because a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

9.     This Court has *in personam* and personal jurisdiction over Defendants because all of the defendants are residents of New Jersey.

3

GENERAL ALLEGATIONS

**The Nature of Meineke's Business**

10.     Meineke grants franchises to qualified persons to establish and operate automotive repair centers under a standard, unique and uniform system developed by Meineke, and grants to those persons the right to use Meineke's federally-registered trade name, logo, and other proprietary marks (collectively, "Meineke Marks").

11.     Meineke has over 800 franchises located throughout the United States and parts of Canada.

12.     The relationship between Meineke and its franchisees is governed by the terms of the franchise and trademark agreements entered into between them.

**Meineke Trade Name, Logo and Service Marks**

13.     Meineke is the owner of the trade name "Meineke" and various service marks. The Meineke name and all of its marks and logos are registered with the United States Patent and Trademark Office.

14.     The trade name "Meineke" is currently in use, among other registrations, under registration numbers 1,241,466; 1,207,490; 1,434,915; 1,610,116; 1,620,331; 2,022,824; 1,191,431; 1,207,483; 1,215,262; 1,268,145; 1,268,264; 2,956,651; and 3,017,566.

15.     All of Meineke's proprietary names, logos, and marks remain in full force and effect, unrevoked, and uncancelled.  Meineke has given notice to the public that its name, logo and marks are registered with the United States Patent and Trademark Office by displaying with the name, logo, and marks with the following symbol: ®.

16.     Since July 1972, hundreds of millions of dollars have been spent to advertise the Meineke name, logo, and marks.

4

17.     As a result, the Meineke Marks have become famous, and are strongly associated in the minds of the consuming public throughout the United States and parts of Canada with the products and services offered by Meineke and its franchised chain of independent automotive repair centers.

18.     Meineke Marks have acquired secondary meaning, enjoy an excellent reputation among the consuming public, and constitute property of the greatest value to Meineke.

19.     No goods or services bearing the name "Meineke" were manufactured, distributed, or sold to the general public prior to the first use by Meineke and its predecessors in interest.

20.     More particularly, since July 1972, all goods and services lawfully manufactured, distributed or sold in the United States under the Meineke name, logo, and marks have been manufactured, distributed, or sold pursuant to licenses granted by Meineke.

21.     Each licensee who manufactures, distributes, or sells such goods and services promises and agrees as a condition of the license to strict control and approval by Meineke over the quality of the goods and services offered by the licensee, as well as the quality of advertising in connection with those goods and services.

### Center 179 Franchise and Trademark Agreement

22.     On or about February 1, 2011, Meineke entered into a Franchise and Trademark Agreement with Defendant JNMVR (the "Franchise Agreement") which granted JNMVR the right to operate a Meineke Center located at 912 Haddonfield Road, Cherry Hill, New Jersey 08002 (the "Center").  A true and correct copy of the Franchise Agreement is attached hereto as **Exhibit 1** and is incorporated by reference as if fully set forth herein.

23.     Defendant James Juliano, Sr. personally guaranteed the obligations of JNMVR under the Franchise Agreement and personally agreed to be bound by and liable for each and every provision in the Franchise Agreement.  **Ex. 1**, Sch. D.

24.     Pursuant to the Franchise Agreement, the JNMVR Defendants became authorized: (i) to operate an automotive repair center under the trade name "Meineke" under the Meineke system; (ii) to display the Meineke name, logo and marks; (iii) to receive training and access to Meineke's confidential methods, procedures, and techniques; and (iv) to participate in an established network of licensed automotive repair centers, with a product and service for which Meineke had created substantial demand through the maintenance of the highest quality standards and extensive advertising.

25.     In return, the JNMVR Defendants agreed not to conduct the business of the Meineke Center or use the Meineke System anywhere other than at 912 Haddonfield Road, Cherry Hill, New Jersey 08002 without Meineke's consent.  **Ex. 1** § 2.1.

26.     In the event that the lease for the Center at 912 Haddonfield Road was terminated by the landlord prior to the expiration of the Franchise Agreement, the JNMVR Defendants could relocate their Center subject to Meineke's approval and subject to the sections of the Franchise Agreement governing the establishment of a new center.  Pursuant to the Franchise Agreement, the Center at the new location must open within 12 months after the date of closing of the old location.  **Ex. 1** § 2.6.

27.     Selection of a new location for a center must "conform to [Meineke's] site selection guidelines and requirements and is subject to [Meineke's] approval."  The JNMVR Defendants agreed "not to execute any lease or purchase agreement for, nor commit to any other binding obligation to purchase, occupy or improve, any proposed location until [Meineke has]

approved the location in accordance with [Meineke's] standard procedures." **Ex. 1** § 2.2; **Ex. 1** § 4.1.

28. The Franchise Agreement also contains a "Territorial Protection" provision pursuant to which Meineke promised, amongst other things, not to grant others the right to operate a Meineke Center within a radius of 2 miles from the Center and not to grant others the right to operate a Meineke Center within a radius of 3 miles from the Center without first giving the JNMVR Defendants a right of first refusal. **Ex. 1** § 2.3.

29. The Franchise Agreement also requires the JNMVR Defendants to "acknowledge that the Marks are valid and that [Meineke owns] the Marks." Their unauthorized use of any of Meineke Marks is a breach of the Franchise Agreement and an infringement of the Marks. **Ex. 1** § 10.1.

30. The JNMVR Defendants have an obligation under the Franchise Agreement to notify Meineke immediately of "any claim by another person of any rights in any Mark." **Ex. 1** § 10.4.

31. The JNMVR Defendants are subject to in-term covenants not to:

(a) directly or indirectly (such as through corporations or other entities owned or controlled by you or your Owners) own any legal or beneficial interest in, manage, operate, or consult with: (1) any Competitive Business located anywhere; or (2) any entity located anywhere which grants franchises, licenses or other rights to others to operate any Competitive Business; or

(b) divert or attempt to divert any business or customer of any Meineke Center to any competitor or to do anything injurious or prejudicial to the goodwill associated with the Marks or the System.

**Ex. 1** § 11.2.

32. Under the Franchise Agreement, the JNVR Defendants also received certain confidential information belonging to Meineke (as defined in the Franchise Agreement,

"Confidential Information") and further agreed, among other things, to maintain and restrict access to the Confidential Information and not to disclose to or use in any other business or non-Meineke capacity the Confidential Information. **Ex. 1** § 11.1.

### Closing The Center

33.     On or about August 10, 2017, the JNMVR Defendants notified Meineke that they intended to relocate the Center to 54 Haddonfield Road, Cherry Hill, New Jersey (the "New Location").

34.     In response, Meineke informed the JNMVR Defendants that the New Location did not meet Meineke's site selection guidelines, standards and requirements because, among other things, the New Location was located too close to another existing Meineke franchise.

35.     Notwithstanding their duties to continue to operate the Center for the duration of the term of their Franchise Agreement, the JNMVR Defendants ceased operating the Center on or about September 1, 2017, all without Meineke's consent or approval.  Upon information and belief, the JNMVR Defendants closed the Center after entering into a mutual termination agreement with their landlord regarding the lease for the Center and accepting good and valuable consideration, in an amount to be determined, from the landlord in order to do so.

36.     On September 7, 2017, Meineke again notified the JNMVR Defendants that the New Location was not suitable because it would impact and/or encroach upon another franchisee's territorial rights.  **Ex. 2**, Letter from Brian Romanzo to James F. Juliano (Sept. 7, 2017).

37.     The September 7, 2017 letter warned that any further attempts to relocate to 54 Haddonfield Road, Cherry Hill, NJ, without Meineke's approval would be considered a material violation of the Franchise Agreement. **Ex. 2.**

38.     On September 13, 2017, Defendant James Juliano, Sr. notified Robert Fillman, Meineke's Vice President of Operations for the East Region, that he had relocated his business to the New Location, but had removed all Meineke signage from the New Location "in order to maintain my franchise license." **Ex. 3**, E-mail from James Juliano, Sr. to Robert Fillman (Sept. 13, 2017).  Defendant James Juliano, Sr. represented that "[a]t this point, m [sic] only recourse is, to sell the equipment of JNMVR to my sons, so they can open as an independent shop." **Ex. 3**.

39.     Upon information and belief, Defendant James Juliano, Sr. was referring to Defendants Nicholas Juliano and James Juliano, Jr. when he wrote that he would sell the JNMVR equipment to his sons.

40.     On September 18, 2017, Defendant James Juliano, Sr. notified Robert Fillman that he was "formally rescinding [his] request to relocate [his] franchise to 54 Haddonfield Rd." **Ex. 4**, E-mail from James Juliano, Sr. to Robert Fillman (Sept. 18, 2017).

### My Family Car Care Center

41.     In September 2017, My Family Car Care Center, LLC opened at the New Location.

42.     The heart of Defendants' wrongful conduct is the establishment and operation of a copy-cat, knock off business offering the same types of goods and services offered by Meineke and its authorized franchisees (including the JNMVR Defendants and during the term of their Franchise Agreement) under the name "My Family Car Care Center" using Meineke's Mark, Confidential Information and the dominant elements of its trade dress – namely its famous black and yellow color schemes and designs.

43. The MFCC Defendants are not authorized franchisees of Meineke, nor are the MFCC Defendants authorized members of the "Meineke" franchise system. The JNMVR Defendants are only authorized by Meineke to operate at the location of the Center, and are not authorized to operate a Meineke or any other competing business at the New Location, or share or use Meineke Marks or Confidential Information with the MFCC Defendants or at the New Location.

44. Notwithstanding Meineke's and its authorized franchisees' continuous and exclusive use and promotion of the Meineke Marks, Defendants are believed to have misappropriated, for their own benefit and use, the Meineke Marks and trade dress in connection with goods and services identical and/or substantially similar to the goods and services of Meineke and the authorized members of the Meineke franchise system, including for sales and promotions of goods and services that target the same classes of customers.

45. Upon information and belief, all Defendants also have owned, maintained, purchased, placed and/or operated (or, are planning to own, maintain, purchase, place and/or operate) electronic listings, websites and related web services (including search engine optimization) on which one or more of the Defendants depict, advertise, and represent themselves as being the owner of and/or otherwise associated with the Meineke Marks and the goods and services associated therewith, and otherwise attempt to trade off of the Meineke Marks and capture consumer searches for authorized "Meineke" centers located in the trade area surrounding their copy-cat, knock off business.

46. Upon information and belief, all Defendants have intentionally attempted to blend and blur the distinction between the Meineke Marks, trade dress and logos and their copy-cat, knock off "My Family Car Care Center" business offering the same types of goods and services

10

offered by Meineke and its authorized franchisees in an attempt to unfairly compete with Meineke and its authorized franchisees.

47.    On its website, My Family Car Care Center boasts that "[o]ur Owners have over 20 years' experience In [sic] the Meineke Car Care Centers.  You know and trust them, if you dealt with them at the Cherry Hill Meineke.  We treat you like family."  **Ex. 5**, My Family Car Care, *About Us* (last visited Nov. 28, 2017), *available at* https://myfamilycarcare.net.  Upon information and belief, the "Owners" referred to are the sons of Defendant James Juliano, Defendants Nicholas Juliano and James Juliano, Jr.

48.    Business cards for My Family Car Care list "Jim & Nick" as Managers.  **Ex. 6**. Upon information and belief, the "Managers" referenced are the sons of Defendant James Juliano, Sr., Defendants Nicholas Juliano and James Juliano, Jr.

49.    Upon information and belief, the JNMVR Defendants have worked with the MFCC Defendants to divert customers of Meineke franchisees to My Family Car Care.

50.    Upon information and belief, the MFCC Defendants have misappropriated and are making use of items bearing Meineke Marks.

51.    Upon information and belief, Defendant James Juliano, Jr. has worn a shirt bearing a "Meineke" logo while working at My Family Car Care.

52.    Upon information and belief, there is a Meineke Muffler sign hanging behind the counter of My Family Car Care.  **Ex. 7.**

53.    Upon information and belief, a television in the waiting area of My Family Car Care advises clients to "Ask About Our Meineke Credit Card Today."  **Ex. 8**.

54.    Upon information and belief, there is a Meineke windshield wiper display rack in the waiting area of My Family Car Care.  **Ex. 9**.

11

55.     Upon information and belief, clients of My Family Car Care are provided with debit card receipts that say "Meineke Car Care Center" printed across the top. **Ex. 10**.

56.     Upon information and belief, the creation of My Family Car Care is part of a blatant scheme to breach and otherwise violate the JNMVR Defendants' obligations under the Franchise Agreement, and to engage in acts injurious and prejudicial to Meineke while simultaneously and directly advantageous and beneficial to Defendants. Namely, the JNMVR Defendants when told that the New Location was unacceptable decided to cooperate and work with the MFCC Defendants to establish, develop, and operate a prohibited Competing Business (as defined in the Franchise Agreement) out of the New Location.

## COUNT 1

### (Breach of In-Term Covenants as to James Juliano, Sr. and JNMVR)

57.     Meineke repeats and re-alleges herein paragraphs 1 through 56 above, which are incorporated by reference herein.

58.     Meineke has performed all of the obligations required of it under the Franchise Agreement.

59.     Despite Meineke's performance, the JNMVR Defendants have breached their in-term covenants under the Franchise Agreements by:

   a.  Directly or indirectly, owning a legal or beneficial interest in, managing, operating, and/or consulting with the MFCC Defendants and/or My Family Car Care – a competitive business;

   b.  Knowingly providing equipment, customers and other assets of the Center, including those bearing Meineke Marks, to the MFCC Defendants and/or My Family Car Care – a competitive business;

12

    c.   Diverting or attempting to divert customers of the Center to the MFCC

          Defendants and/or My Family Car Care – a competitive business; and

    d.   Doing things as described and otherwise set forth in this Complaint injurious and

          prejudicial to the goodwill associated with Meineke Marks and/or the Meineke

          System.

60.     The JNMVR Defendants' conduct as set forth above has caused and will cause Meineke irreparable harm through loss of its goodwill and relationship problems that are likely to be encountered with its other franchisees. The damages that Meineke will sustain and the potential deception and harm to the consuming public cannot be ascertained, nor can such harm be compensated for in monetary damages.

61.     Meineke has no adequate remedy at law in that the damages as set forth above, including loss of goodwill, interference with its other franchise relationships, and lost profits cannot be compensated in monetary damages. Meineke will continue to be damaged, and will suffer further injury and irreparable harm unless and until Defendants' complained of conduct is enjoined.

62.     Under the Franchise Agreement, the JNMVR Defendants are contractually obligated to pay all costs and expenses, including reasonable attorneys' fees, incurred by Meineke in enforcing the Franchise Agreement, and any other agreements with the JNMVR Defendants.

## COUNT II

**(Breach of Contract – Unauthorized Use of Marks and Confidential Information
as to James Juliano, Sr. and JNMVR)**

63.     Meineke repeats and re-alleges herein paragraphs 1 through 62 above, which are incorporated by reference herein.

13

64.     Meineke has performed all of the obligations required of it under the Franchise Agreement.

65.     Despite Meineke's performance, the JNMVR Defendants have breached the contract by, as detailed above, providing Meineke Marks and Confidential Information to My Family Car Care, LLC for use in a competitive business. This use of Meineke Marks and Confidential Information is not authorized, and is in fact prohibited, by the Franchise Agreement.

66.     Furthermore, the Franchise Agreement requires the JNMVR Defendants to notify Meineke in the event they become aware of a third party asserting rights in Meineke Marks and/or Confidential Information.

67.     Upon information and belief, the JNMVR Defendants are aware that the MFCC Defendants are displaying Meineke Marks and in possession of and using Meineke's Confidential Information because, among other things, they sold them the equipment bearing those same marks and granted them access and use to the same information.

68.     The JNMVR Defendants breached the Franchise Agreement by failing to notify Meineke that the MFCC Defendants were displaying Meineke Marks and using its Confidential Information in the operation of a competitive business.

69.     Meineke is damaged by the unauthorized use of Meineke Marks and Confidential Information by a competitive business.  This use not only causes confusion in the marketplace, it also threatens Meineke's goodwill and reputation.

70.     The JNMVR Defendants' conduct as set forth above has caused and will cause Meineke irreparable harm.  The damages that Meineke will sustain and the potential deception and harm to the consuming public cannot be ascertained, nor can such harm be compensated for in monetary damages.

14

71.     Meineke has no adequate remedy at law in that the damages as set forth above, including loss of control over its marks and materials, goodwill, interference with its other franchise relationships, customer confusion and lost profits cannot be compensated in monetary damages.  Meineke will continue to be damaged, and will suffer further injury and irreparable harm unless and until Defendants' complained of conduct is enjoined.

72.     Under the Franchise Agreement, the JNMVR Defendants are contractually obligated to pay all costs and expenses, including reasonable attorneys' fees, incurred by Meineke in enforcing the Franchise Agreement, and any other agreements with the JNMVR Defendants.

## COUNT III

### (Breach of Contract – Failure to Operate a Meineke Center as to James Juliano, Sr. and JNMVR)

73.     Meineke repeats and re-alleges herein paragraphs 1 through 72 above, which are incorporated by reference herein.

74.     Meineke has performed all of the obligations required of it under the Franchise Agreement.

75.     Despite Meineke's performance, the JNMVR Defendants have breached their contractual obligation to continue operating a Meineke center.  Not only have the JNMVR Defendants failed to establish their franchise at an acceptable new location, but also have sold their assets to the MFCC Defendants.  As a result, the JNMVR Defendants are incapable of opening a new location.

76.     The JNMVR Defendants' failure to operate a Meineke center consistent with the terms and conditions of the Franchise Agreement has caused Meineke damages because Meineke

15

is no longer receiving the royalties and other payments from the JNMVR Defendants that it would have received had the Center remained open.

## COUNT IV

### (Trademark Infringement and Unfair Competition against James Juliano, Sr. and JNMVR)

77.     Meineke repeats and re-alleges herein paragraphs 1 through 76 above, which are incorporated by reference herein.

78.     The JNMVR Defendants have deliberately and intentionally used Meineke's federally registered name, logo, and marks in interstate commerce without Meineke's permission or authority by selling equipment with Meineke Marks and/or otherwise providing Meineke Marks or branded materials to a competitive business.

79.     As a result of the JNMVR Defendants' actions, the MFCC Defendants are not only wearing clothing that displays Meineke Marks, but also are or were displaying the same marks prominently within the My Family Car Care sitting area, including, but not limited to: on a sign behind the counter, on receipts, on the television, and on a wiper blade sales display.

80.     The nature and extent of the JNMVR Defendants' wrongful and unauthorized use of Meineke's trade name, logo and marks is such that the JNMVR Defendants' conduct is likely to cause actual confusion, mistake and deception among the consuming public.

81.     The JNMVR Defendants' unauthorized use of Meineke's federally registered trade name, logo and marks constitutes trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a).

82.     The unauthorized use of Meineke Marks by a competitive business has damaged Meineke in ways, extents, and amounts to be further ascertained.  In addition, the JNMVR Defendants' actions have irreparably harmed and will continue to irreparably harm Meineke in

16

ways and extents for which there is no adequate remedy at law.  Meineke will continue to be

damaged, and will suffer further injury and irreparable harm unless and until Defendants'

complained of conduct is enjoined.

## COUNT V

### (Trademark Infringement and unfair competition against
### Nicholas Juliano, James Juliano, Jr. and My Family Car Care, LLC)

83.    Meineke repeats and re-alleges herein paragraphs 1 through 82 above, which are

incorporated by reference herein.

84.    The MFCC Defendants have deliberately and intentionally used Meineke's

federally registered name, logo, and marks in interstate commerce without Meineke's permission

or authority, and are continuing to do so now, to promote a competitive unrelated business.

85.    The MFCC Defendants are not only wearing clothing displaying Meineke Marks,

they are or were displaying Meineke Marks prominently within their sitting area, including, but

not limited to: on a sign behind the counter, on receipts, on the television, and on a wiper blade

sales display.

86.    The MFCC Defendants are also promoting their business through reference to

Meineke Marks by associating themselves with Meineke on the My Family Car Care, LLC

website and, upon information and belief, through related electronic listings and related web

services (including search engine optimization) on which one or more of the Defendants depict,

advertise, and represent themselves as being the owner of and/or otherwise associated with the

Meineke Marks and the goods and services associated therewith, and otherwise attempt to trade

off of the Meineke Marks and capture consumer searches for authorized "Meineke" centers

located in the trade area surrounding their copy-cat, knock off business.

87.     The nature and extent of the MFCC Defendants' wrongful and unauthorized use of Meineke's trade name, logo and marks is such that the JNMVR Defendants' conduct is likely to cause actual confusion, mistake, and deception among the consuming public.

88.     The MFCC Defendants' unauthorized use of Meineke's federally registered trade name, logo and marks constitutes trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a).

89.     The unauthorized use of Meineke Marks by a competitive business has damaged Meineke in ways, extents, and amounts to be further ascertained.  In addition, the MFCC Defendants' actions have irreparably harmed and will continue to irreparably harm Meineke in ways and extents for which there is no adequate remedy at law.  Meineke will continue to be damaged, and will suffer further injury and irreparable harm unless and until Defendants' complained of conduct is enjoined.

## COUNT VI

### (Conspiracy--Against All Defendants)

90.     Meineke repeats and re-alleges herein paragraphs 1 through 88 above, which are incorporated by reference herein.

91.     Defendants have been and remain engaged in a conspiracy and course of conduct to break the JNMVR Defendants' various contractual promises and covenants to Meineke, to mask the JNMVR  Defendants' cooperation with, involvement and interests in, and contributions toward My Family Care Center, to compete directly with Meineke and its authorized franchisees, to loot, siphon, and steal Meineke's trade secrets, proprietary information, goodwill and other valuable assets, and to deprive Meineke of significant actual and prospective revenue streams and profits, customer relationships, goodwill and additional market growth opportunities.

92.     Upon information and belief, the scheme involving the My Family Car Center was conceived and developed by the Defendants during the term of the Franchise Agreement as a fraudulent and deceptive business vehicle that would provide competitive goods and services to those of Meineke and its authorized franchisees, compete against Meineke and its authorized franchisees, and siphon off significant confidential and proprietary information, customer relationships, goodwill, and market growth opportunities from Meineke and its authorized franchisees.

93.     Without the input, participation, contributions, cooperation, and financial and other active support of the JMNVR Defendants acting with the MFCC Defendants, My Family Car Center would not exist, would not be a competitor of Meineke and its authorized franchisees, would not provide goods and services similar (and competitive) to those provided by Meineke and its authorized franchisees, and would not operate in Meineke's and its authorized franchisees' line of business.

94.     Upon information and belief, the JMNVR Defendants (and their co-conspirators, agents and servants, including without limitation the MFCC Defendants) have aided, abetted and encouraged the newly formed My Family Car Center, LLC to conceive, develop, establish, and operate the competing My Family Car Center.

95.     Defendants, acting in combination, misappropriated, converted, and/or otherwise improperly used Meineke's trade secrets, proprietary information, goodwill and other valuable assets.

96.     Defendants' actions have damaged Meineke in ways, extents, and amounts to be further ascertained.  In addition, Defendants' actions have irreparably harmed and will continue to irreparably harm Meineke in ways and extents for which there is no adequate remedy at law.

Meineke will continue to be damaged, and will suffer further injury and irreparable harm unless and until Defendants' complained of conduct is enjoined.

## COUNT VII

### (Unfair Competition—Against all Defendants)

97.    Meineke repeats and re-alleges herein paragraphs 1 through 96 above, which are incorporated by reference herein.

98.    Defendants' conduct is a violation of the common law of unfair competition and is an unfair trade practice under the common law.

99.    Meineke will suffer damages as a result of Defendants' conduct in an amount to be determined at trial.  In addition, Defendants' actions have irreparably harmed and will continue to irreparably harm Meineke in ways and extents for which there is no adequate remedy at law.  Meineke will continue to be damaged, and will suffer further injury and irreparable harm unless and until Defendants' complained of conduct is enjoined.

## COUNT VIII

### (Tortious Interference—against Nicholas Juliano, James Juliano, Jr. and My Family Car Care, LLC)

100.    Meineke repeats and re-alleges herein paragraphs 1 through 99 above, which are incorporated by reference herein.

101.    The JMNVR Defendants owe continuing contractual duties and obligations to Meineke under the Franchise Agreement, as described above.

102.    On information and belief, the MFCC Defendants knew and continue to know of the JNMVR Defendants' contractual duties and obligations under the Franchise Agreement. Indeed, Nicholas Juliano and/or James Juliano Jr. were the managers and/or employed at the JNMVR Defendants' former franchise location.

20

103.    By, among other things, cooperating with the JMNVR Defendants to set up a competing business, making use of the Meineke Marks, holding themselves out to the public as associated with Meineke, and trading on goodwill that belongs to Meineke, and doing so with knowledge of the promises made by the JNMVR Defendants to Meineke, the MFCC Defendants have intentionally and, by improper means, tortiously interfered with the promises and covenants made by the JNMVR Defendants to Meineke.

104.    The conduct of the MFCC Defendants is willful, malicious, wanton, intentional, unprivileged and without justification or excuse, and it is and will be the direct and proximate cause of immediate and irreparable harm as well as money damages to Meineke and unjust enrichment to the MFCC Defendants.

## COUNT IX

### (Unjust Enrichment Against All Defendants)

105.    Meineke repeats and re-alleges herein paragraphs 1 through 104 above, which are incorporated by reference herein.

106.    Defendants have benefited from their misappropriation and use of Meineke's Confidential Information, Meineke Marks, goodwill and other valuable assets.  Defendants also have benefitted by the JNMVR Defendants' agreement to mutually terminate the lease for their Center.

107.    In equity and good conscience, Defendants should not have used Meineke's Confidential Information, Meineke Marks, goodwill and other valuable assets.  Similarly, in equity and good conscience, the JNMVR Defendants should not have agreed to mutually terminate the lease for their Center early or, in the alternative, should have paid some or all of the consideration received from the landlord to Meineke.

21

108.    Defendants unjustly have not compensated Meineke for these benefits, to Meineke's detriment.

109.    Defendants' actions have damaged Meineke in ways, extents and amounts to be further ascertained.  In addition, Defendants' actions have irreparably harmed and will continue to irreparably harm Meineke in ways and extents for which there is no adequate remedy at law.

**WHEREFORE**, Plaintiff Meineke Car Care Centers, LLC respectfully requests that the Court grant the following relief:

1.    Compensatory damages arising out of the breach of contract by James Juliano, Sr. and JNMVR;

2.    Attorneys' fees and costs pursuant to the Franchise Agreement § 17.6;

3.    Recovery of profits from James Juliano, Sr. and JNMVR for the sale of the equipment bearing Meineke Marks pursuant to 15 U.S.C. § 1117;

4.    Recovery of profits from the MFCC Defendants pursuant to 15 U.S.C. § 1117;

5.    Compensatory damages for damages sustained as a result of the misappropriation of the Meineke Marks pursuant to 15 U.S.C. § 1117

6.    Attorney's fees and costs pursuant to 15 U.S.C. § 1117;

7.    Treble damages pursuant to 15 U.S.C. § 1117;

8.    Compensatory damages awarded in favor of Meineke and against all Defendants;

9.    Lost profits awarded in favor of Meineke and against all Defendants;

10.    A preliminary and permanent injunction enjoining the JNMVR Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them (including, without limitation, My Family Car Center LLC and its  officers,

directors, agents and members, including without limitation Nicholas Juliano and James Juliano Jr.), either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from using, in connection with a non-Meineke business, by advertising or in any manner whatsoever, any equipment, confidential methods, procedures and techniques associated with the Meineke system; the trade and service marks of Meineke and any other Meineke trade name, trademark, service mark, or distinctive form, slogan, sign, symbol or device associated with the Meineke business system including all signs, equipment, advertising materials, stationery, forms and any other articles which display Meineke's trademarks, trade names or service marks;

11. A preliminary and permanent injunction enjoining the MFCC Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from holding themselves out as in any way associated with the Meineke business system;

12. A preliminary and permanent injunction enjoining the JNMVR Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with either of them (including, without limitation, My Family Car Center LLC and its officers, directors, agents and members, including without limitation Nicholas Juliano and James Juliano Jr.), either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from owning any legal or beneficial interest in, managing, consulting, or operating My Family Car Center or any other any other Competitive Business (as that term is defined in the Franchise Agreement) during the remaining term of the Franchise Agreement;

13. Pre-judgment and post-judgment interest; and

14. Such other relief as the Court deems fair and just.

Respectfully submitted,

**Meineke Car Care Centers, LLC**

Dated: December 4, 2017                By: _____

Constantine T. Fournaris
Richard D. Gallucci
WIGGIN AND DANA LLP
Two Liberty Place
50 S. 16th Street, 29th Floor
Philadelphia, PA 19102
215-988-8311
cfournaris@wiggin.com
*Attorney for Plaintiff* Meineke Car Care
Centers, LLC

24

**VERIFICATION**
UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

I, _William Bailey_, state as follows:

I am the _Chief Accounting Officer_ for Meineke Car Care Centers, LLC (hereinafter referred to as "Meineke"); that, as such, I am authorized to make this oath and verification; that, in my capacity as the _Chief Accounting Officer_ for Meineke, I am the custodian for all books and records of Meineke and I am familiar with those books and records; I am familiar with Meineke's business operations, including its business dealings and its relationship with its franchisees generally and with Defendants in particular; that I have read the foregoing Verified Complaint; that I know the contents thereof to be true of my own personal knowledge, except for those allegations made in the Verified Complaint upon information and belief; and that, as to the allegations contained in the Verified Complaint which are made upon information and belief, I believe them to be true.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

December _1_, 2017

24721\5\3793530.v3

25